## Stevenson v. Cavanna & Company.

*Equity pleading—Specific performance—Answer—Subsequent agreement altering original agreement.*

Where the defence to a bill for specific performance is that the original agreement was altered by a subsequent agreement, the answer must state whether the subsequent agreement was oral or written.

Exceptions to answer to bill for specific performance. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 8693, in Equity.

*F. M. Leonard,* for plaintiff; *F. C. Newbourg, Jr.,* for defendant.

MARTIN, P. J., June 26, 1922.—A bill in equity was filed, praying for specific performance of an agreement by defendant to convey to complainant property Nos. 134-36 North Front Street, in the City of Philadelphia.

An answer was filed denying the right of complainant to demand a conveyance, and alleging that the bill failed to state he was ready, willing and able to make settlement according to the terms of the agreement, although averring that he was present at the time and place appointed by the terms of the agreement for settlement.

The contract provided that a deed would be delivered upon receipt of the stipulated payments, "and possession will be given at the office of Guernsey Stevenson, No. 1524 Chestnut Street, Philadelphia, on the 30th day of September, 1921, at eleven o'clock in the forenoon."

It appears from the answer that the building is a large storage warehouse, several stories in height, and quantities of goods, wares and merchandise belonging to other persons are stored in the building.

The answer asserts that the defendant was ready and willing to deliver a deed and give possession in accordance with the agreement and with the true intent and meaning thereof; but it further avers that, "so far as that portion of the premises which was occupied by defendant was concerned, defendant was ready, willing and able to deliver possession thereof to the complainant at the time of settlement," and alleges that the terms of the agreement relating to possession were modified by complainant agreeing to accept the property with the occupants.

Exceptions were filed to the answer as evasive and insufficient, on the ground that the averment of a subsequent agreement between the parties to vary and alter the original agreement of sale does not set forth or state whether it was oral or in writing. Exceptions are sustained.